# United States Court of Appeals for the Fifth Circuit

No. 21-60632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2022

Lyle W. Cayce
Clerk

Miguel Angel Ruiz-Balmaceda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 166 369

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Miguel Angel Ruiz-Balmaceda, a native and citizen of El Salvador, petitions us for review of a decision of the Board of Immigration Appeals upholding the denial of his asylum claims.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60632

On petition for review of a Board decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the Convention Against Torture. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the Board's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that Ruiz-Balmaceda has proven he was persecuted. None of the harms described are extreme enough to require a finding that they are persecution. *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). We are also not compelled to find that he will be persecuted in the future as the record supports the Board's decision that he only subjectively fears harm from criminals, which is not protected. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). We also do not find that he has shown there is a pattern or practice of LBGT persecution that will, more likely than not, result in his future persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). As the record does not compel a past or future persecution finding, this claim fails and there is no reason to analyze Ruiz-Balmaceda's arguments about state involvement or acquiescence. *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

DENIED.